Good morning. Christopher Stender for the petitioner, Reyes-Floriano, and I'd like to reserve two minutes for rebuttal. This is a petition for review of two decisions out of the Board of Immigration Appeals. The first is a summary affirmance without opinion of a decision, and second, a decision on the merits by the Board of Immigration Appeals of a motion to reconsider. It's petitioner's contention that the immigration judge erred in finding that the government had met its burden of proof and holding that the petitioner was deportable for a controlled substance offense. In making his decision, the immigration judge looked to three convictions in the record. Can I try and get the lay, the broader lay of the land first? Sure. He's the, the issues after that are the adjustment of status. He was looking for adjustment of status or suspension of deportation. Is that right? Separately or together? In other words, does the adjustment of status depend on the suspension of deportation? No. They're independent applications. But it does depend on a waiver of an admissibility, the adjustment of status. It could, depending on the convictions. Correct. And there was also a 212-H waiver, which is considered in conjunction with the adjustment of status, if it's necessary. Right. If it's necessary. So what relief was he actually seeking? He was seeking adjustment of status with a 212-H waiver if necessary, suspension of deportation, and voluntary departure in the alternative. All right. So the voluntary so and good moral character is necessary for suspension of deportation, but not for the waiver for the, the adjustment of status? Is that right? Correct. It's correct. Okay. So what I'm trying to figure out is how this whole, the whole conviction issue fits in. Because the, the IJ eventually, with regard to the good moral character, said that he would not give deportation, he would not give the relief anyway, but that only pertains to the suspension of deportation. Is that right? And voluntary departure. And voluntary departure. But it doesn't pertain to a waiver of an admissibility. Correct. Or adjustment of status. Or adjustment, which was necessary for adjustment of status if it's necessary. That is correct. All right. So it seems to me that the suspension of deportation issue is sort of off the table because he said he would not, he wouldn't give it anyway. The problem from the petitioner's point of view is the immigration judge never lets the attorney at the time put on his applications for relief. They were basically pre-remitted. The immigration judge forced the petitioner to concentrate on his criminal record and makes a finding of deportability and then pre-remits the applications of relief. Immigration Judge Simpson repeatedly cut off petitioner's counsel when he tried to point out the applications for relief and attempted to be heard on it, and in fact cut off even his summary as far as what he attempted to explain to the immigration judge as the basis of eligibility for relief. I understand that. I don't see it raised in your brief, but I don't want to deflect you from the court you're talking about. I was just trying to position it to understand what we're dealing with. So go ahead. Okay. Looking at the first conviction, which is the one that Immigration Judge Simpson's relied upon primarily in denying relief, is the conviction under 23-152A of the California Penal Code, driving under the influence. The drug in this case was not disclosed. The immigration judge makes an error, a very substantial error. He looks to the third count of the complaint, which was dismissed. That is the only count that specifies what the controlled substance is. There are other documents which, under the modified categorical approach, the court can look to as far as the immigration judge. And, of course, this Court has to, in order to make a finding of whether or not there was controlled substance involved, what you have here is a lack of evidence of what the controlled substance was. These are deportation proceedings. Well, we know it was drugs because he said so in his plea colloquy, and we can use that, right? Well, the problem is that the California controlled substance is a product. I understand that. I'm just trying to figure out what the issue was. So we know it was drugs. The question is, do we know it was methamphetamine or a controlled substance? It is a controlled substance as defined by the State of California. We would concede that. There's no evidence that it's a controlled substance under the Federal schedule, which is the burden of the government to prove. There is no evidence on this point. The immigration judge looked outside the record of conviction, trying to find that it was a methamphetamine or opiate. He simply can't do that. That's a question also of the burden of proof. If it was on the government and, therefore, that conviction is not sufficient to prove the charge of deportability for a controlled substance offense. In footnote 8 of the government's brief, they say that Ray Floriano, through counsel, admitted the factual allegation that he'd been convicted of driving under the influence of drugs to which methamphetamine. And, likewise, he conceded that he was deportable for as charged for having been convicted of a crime relating to a controlled substance. And there are cites as to each of those things. Is that why that was not adequate? Well, what happens on April 29th, 2003, there's a conviction for 11377A, which is possession of a controlled substance under the California Penal Code. At that time, the respondent, now the petitioner, was, in fact, convicted. What happens later on October 27th, 2003, is that conviction was expunged under 1203.4 of the California Penal Code. At the time Petitioner's Counsel conceded that charge, she was, in fact, convicted. There was no expungement under 1203.4. That happened subsequently some five months later, and that was the subject of the motion to reconsider that went to the Board of Immigration Appeals. That information was attached with the motion to reconsider, arguing that under the California statute, it was no longer a controlled substance conviction because it had been expunged under the California statute. The Board considered that motion on the merits, but found, in fact, that since, in their estimation, and the government argued in response to the motion to reconsider that, in fact, he did not have one controlled substance conviction but several, and therefore, Lujan Armendariz didn't apply. The problem with that analysis is the fact that it's not clear how many controlled What are you asking us to do? Simply, we're asking for a reamend back to the immigration court so the record can be developed. Immigration Judge Simpson never let the Respondent now Petitioner put on his case for relief. The government never sustained its burden of proof on any of the controlled substance issues, and the immigration judge never let the Petitioner develop his applications for relief. So what happens when this gets back to the Board? Does it go back to the IJ? Yes. And there would be a new trial. You know, sometimes the Board fashions how the reamend is to be heard as far as what applications for relief, et cetera. Briefly, the third conviction, there's an 11-550 conviction that is brought up by Judge Simpson also. The only information that goes into the record is what's commonly called a rap sheet. There's no complaint. There's no judgment. There's no transcript of plea. And most importantly, once again, there is no evidence what the controlled substance was. So that conviction also cannot be used to support the government's argument that the Petitioner was convicted of a controlled substance offense. So you have three convictions, none of which are proven controlled substance offenses. Burdens on the government. It's our position that the government failed in its burden of proof, and the immigration judge erred in not permitting the applications for relief to go forward. We'd request that the Court reamend back to the immigration judge for development of the record. And I'll reserve the rest of my time if there are any questions. Thank you. Good morning, Your Honors. May it please the Court, my name is Reagan Hildebrand, and I represent Attorney General Michael Mukasey in this matter. Because Mr. Ray Foriano has failed to raise the Board's amount of his motion to reconsider, he has failed to raise that in the petition for review. He has accordingly waived it. As such, there really is only one central question before the Court. He also didn't raise, it seems to me, although it did seem, the question of whether he was precluded from putting on his mitigation evidence. That's true, Judge Burks. He did not raise that issue in his petition. So it seems like the suspension of deportation issue is kind of off the table, so we have the other one. That's correct, Your Honor. All right. Because he has waived this issue, there's only one central question before this Court today. Whether Mr. Ray Foriano was convicted as a question of law for a controlled substance offense, which rendered him deportable under former Section 241A2B1 of the Immigration and Nationality Act. The Attorney General requests this Court define that Mr. Ray Foriano was not And that matters because he's then not eligible for adjustment of status? He would not be eligible for suspension of deportation. And under suspension of deportation But that's out, right? I just said I don't care about that anymore. It seems to me there was a discretionary ruling there. So I'm trying to figure out what does this connect up to? It would connect to the suspension. It would not with adjustments. That is separate relief. But there wasn't a finding on adjustment regarding the fact that he had entered the country without inspection. And one of the requirements with adjustment is sort of as a waiver for that entry. And the immigration judge made no finding. So you think this whole thing only goes to the suspension issue? This whole matter of what he was convicted of? The suspension of deportation? Yes. It does. But then I don't see why we need to do it. Because the I.J. found in the alternative that he would, as a matter of discretion, not provide suspension of deportation. And the only argument they have about that is that the they weren't allowed to put on their mitigation evidence, but that doesn't seem to be in the brief. So why do we need to get into that? Well, the discretionary analysis the immigration judge made was based in part upon the criminal conviction that he had. Well, there being a conviction, but not necessarily that it had to fit into some category. Just being a convicted. There was a conviction. That is true. If the court were to find that he had not been convicted, then really the only option would be to remand back to the immigration judge. But we know he was convicted. The question is what was he convicted of? Was he convicted of what? Of a controlled substance covered by California law only or by Federal law as well? Look, the attorney general's position is that he was convicted for a crime related to a controlled substance under the Immigration National Act would make him deportable, that his violation of Section 23152a of the California Vehicular Code fit within Section 241a2b1 of the Immigration National Act. But you think there's no adjustment of status question here at all at this point? I'm sorry. I think there's no adjustment of status question here at all at this point. No, Your Honor. Really? I thought your opponent said there was only an adjustment of status issue. So that seems like a major thing. That's what I thought the major concern here is whether he can get an adjustment of status because of the fact he had married way back when in 19 anyway, way back when an American citizen and now has four citizen children. But I thought that we were concerned with whether he is eligible for an adjustment of status. If that's the Court's concern, Your Honor, then the proper course of action would be to remand back to the agency for that determination. Do we have to decide the controlled substance issue? If the Court decides suspension of deportation is an issue in this petition for review, then you do have to decide the conviction. But not if we don't think it is? But not if you don't think it is. To what extent did the I.J.'s determination that he had been convicted of a controlled substance affect that last paragraph where he was talking about discretion? Which last paragraph? The last paragraph of the I.J.'s decision. Regarding the ---- Well, he says, I've considered everything, and I won't grant any relief. From my reading of it, it seems to more affect the issue of Mr. Rayfortano's good moral character, which is one of the elements required for suspension of deportation. But the immigration judge made no findings regarding the other elements. So, for example, for suspension of deportation, the alien has to show continuous physical presence for seven years, as well as hardship on a U.S. citizen's spouse, child, or parent. Yes. What he decided was that he wasn't ---- he wouldn't have to decide those things, because what he said was, I'm finding that on general grounds, not just because he has a specific deportable ---- a specific offense, a per se offense, that he is ---- I wouldn't exercise the discretion in favor of him on suspension of deportation. So the question is whether that is the end of the case at that point, because he said, I don't ---- essentially, I don't care if it's a per se reason for finding that he's not a good moral character. And I gather our case law says that this generic determination is not reviewable. But there was really no explicit finding, Your Honor, regarding ---- Well, why does there have to be? If he already said, I don't care what's true about the other elements, I'm not going to exercise my discretion because of ---- in this guy's favor. But assuming that Mr. Gregoriano had not been convicted of a controlled substance offense, this Court has held, and it has the authority to review the merits of the case. The problem is that reviewing the merits, for example, relief for suspension of deportation, the immigration judge made no explicit findings regarding the other elements because of the ---- because he believed there had been a criminal conviction for ---- You're arguing against yourself, but go ahead. Let me add one other question about the application for adjustment of status. Is that ---- that's also discretionary, correct? Correct. So even though he can qualify, and even though a visa is immediately available, he could ---- the I.J. could ---- the agency could deny? Theoretically, Your Honor, yes. Does that ever happen? I don't have that information before me, but I could find out if ---- No, that's okay. I was just curious. I really don't know where you're getting the idea that he ---- that nobody decided the adjustment of status issue. The I.J. seems to have specifically decided that. To be eligible for adjustment of status pursuant to section xxxx, he must submit an application, which he has. He has to establish he is admissible. He finds that he's statutorily admissible because of this, his conviction, which has to, for that purpose, as I understand it, be a conviction for a controlled substance, related to controlled substances. Then he says there's no waiver available for him for that reason, and he's ineligible for a waiver. Then he gets to the suspension of deportation. So I don't understand why this isn't central to the adjustment of status question and why that isn't the issue raised in the brief. I'm really baffled. Which issue now that you can ---- The adjustment of status issue. I don't know where you're ---- why you think that that issue is not the one before us. Why it's not before us? Yes. I'm not really sure I follow your question. You said to us that the adjustment of status issue isn't by the boards. That's not the issue in the case at this point. Why do you think that? The central issue, the fact that Mr. Rayferonis is seeking, along with the adjustment of status, is suspension of deportability. No. I mean, he obviously would prefer to have adjustment of status because that's better for him. He's by raising the question of his conviction, he is raising that because it was central to the reason why he didn't get it. So the two of you just have completely opposite visions of what this case is about. And I'd like to know where you're getting yours from. If you go ---- do you have the IJ's decision there in front of you? No. Why don't you get it for just a second? And if you go to the last page of the ---- I guess it's the second to last page of the decision. In my ---- it says, in the opinion of this Court, that renders him ---- he's referring to the conviction under 1155-0 of the health and safety. In the opinion of this Court, that renders him statutorily ineligible for suspension of deportation and renders him statutorily ineligible for voluntary departure because in each case he must show a period of no less than five years of good moral character as a result of his latest conviction. He cannot do that. And then here's the next paragraph. In the last analysis, however, I would deny this case under section 101-F, under the catch-all provision, which in effect indicates that although a person may not be within any one of the foregoing classes, that shall not preclude a finding that for other reasons this person is or was not of good moral character. Now, that good moral character finding under 101-F doesn't really relate to adjustment of status, correct? That's correct, Your Honor. So he never decided adjustment of status. He never made any finding at all with respect to adjustment of status. The immigration judge's focus was more upon the issue of Mr. Ray Foriano's good moral character. Correct. Based upon the criminal conviction. I'm sorry, but on page 6, before he gets to that, and this is where I was reading from before, he says, 69 of the record, he says, to be eligible for adjustment of status, the Respondent must submit an application. And he must establish he's admissible. And he finds, and then I find that he's statutorily admissible by virtue of the provisions of such-and-such, which I understand refers back to the same conviction again, the requirement that there not be a conviction for controlled substances. The Court has found that considered together with such-and-such, there is no waiver available to him because the only waiver pursuant to 212H would involve possession of a small amount of marijuana, and that was not the case in this particular situation. In conclusion, therefore, the Respondent is statutorily ineligible for adjustment of status because he is ineligible for a waiver. Then he goes on for purposes of the provisions of the suspension of deportation. So he decided both issues. The Board summarily affirmed. It's raised the adjustment of status is raised in the blue brief. What's the problem? Oh, I'm sitting on your time, Your Honor. I'm not really sure I understand your question. My question is, don't we have an aside from the suspension of deportation, don't we have an issue before us about adjustment of status? You began by saying no. There's no such issue in this case at this point. I don't know why. If you believe that adjustment of status is an issue. Well, I'm asking you why it wouldn't be. Give me a reason. I think it comes down to the immigration judge's focus, the fact that he was focusing primarily on the conviction and was implying more of the good moral character towards the conviction. But he also said that the conviction would have precluded him from getting a waiver of inadmissibility. Is that wrong? The waiver under 212H. Right. That I'm not sure, Your Honor. But that's in the case. I mean, it's a paragraph in the IJA's opinion. It's in the brief. We need to know the answer to that. I'm not sure. If you want, I could provide briefing on that for the Court. Let me ask you one thing. If we were to determine that the conviction, he didn't suffer a conviction for controlled substance offense under Federal law, what do we do with the case? If we determine that he hadn't been convicted for controlled substance, then it would be proper, of course, to be to remand back to the Board regarding the good moral character issue, because Mr. Roy Foriano was also seeking suspension of deportation. So because the immigration judge is finding that was central on the good moral character issue. So it should just be, in your review, it should just be a remand for further proceedings. That's correct, Your Honor. So you're not arguing that the exercise of the alternative discretionary paragraph is any relevant, so we should just ignore it? No, Your Honor. What? All right. So what do we do with it? I mean, he seems to be saying, I don't care whether he was convicted of a controlled substance offense, I still wouldn't exercise my discretion in his favor, on the suspension of deportation. In my read of the case, a suspension of deportation is probably out, but the adjustment of status is in, and we probably still have to decide about the controlled substance offense. But you don't seem to agree with that. No, Your Honor. But you haven't told me why. Would you very briefly, and I know you're out of time, but tell us why you think now, finally, that he was convicted of a controlled substance offense. Thank you, Your Honor. I'll make it brief. Using the modified categorical approach, the documents in the record here, the criminal complaint, the transcript of the guilty plea and the judgment, are sufficient to indicate that Mr. Rayforeanos was convicted of a controlled substance offense, that looking at the drug methamphetamine is named in the criminal complaint, notwithstanding the dismissal of the charge under Count 3. Well, if it was dismissed, it was dismissed. How do we know? Maybe it was dismissed because it wasn't really methamphetamine. But the purpose of modified categorical is not to look at the nature of the proceedings themselves, but the documents and what the documents say. Well, that's true. But we have lots of cases that say you can't look at a charge that wasn't he wasn't convicted of because he wasn't convicted of it. That is true. But if you look at the criminal complaint that's in the record, it's one complaint for four charges dealing with drugs. Right. But no one ever proves the truth of that assertion because he wasn't convicted of it. Maybe he came in and said, you can't prove that it was methamphetamine, and I'm not going to plead a methamphetamine. But if you'll take out the methamphetamine, I'll plead because I'm not conceding that it's methamphetamine. But that's not what you do under the modified categorical approach. That's exactly what you do. You're trying to figure out what he was convicted of, not what he was charged with. But the purpose is to look what the documents say. Read the documents. All right. Suppose we didn't agree with that. What else is there in the record? There are other records in the document that he had been convicted for other controlled substance offenses on September 16th, 1999, and on June 16th, 1998. We still don't know what they were, though. No. The drug doesn't say it. It's just the expungement that if the agency made no finding regarding those particular offenses. So if we're not assuming that the documents, the transcript that you'll be pleading and the judgment did not show the methamphetamine, the proper course then would be to remand back to the agency for determination regarding those other convictions. Thank you, Your Honor. I have a couple of questions. Just in order to orient myself here, we have a person who entered the United States in 1987, was married in 1996. The principal conviction, as I understand that we're concerned about, was a conviction from 1995 in which there were the three charges, driving under the influence, being under influence of controlled substance, and then a question being what were drugs involved. Now, we've got a — I don't know if we're relying on other convictions or not, or if that's the principal one. But it — we now have, I think, before us a question of whether he's entitled to adjustment of status because he's married since 1996 to an American citizen with four citizen children. And so what I'm concerned about is why we're not talking about the adjudication of the adjustment of status situation, because the rest of it would not be important. You could have an adjustment of status even though you don't have suspension of deportation. Could you not? That's true. So as I approach this case, it seemed to me that was really the serious issue before us, is whether he's entitled to adjustment of status because he married an American citizen some long time ago, and that the rest of it is kind of immaterial as to whether they have suspension of deportation or not. I think, Your Honor, if the concern is going back to the adjustment of status, the proper course would be to remand to the agency on that issue. Why are we remanding to the agency? It's been decided by the agency. What are we remanding for? I think the immigration — in reading the immigration judge's assessment, he seems to conflate the adjustment of status with — No, he didn't. He went sequentially, which is what I've now showed you three times. He said, first of all, there's no adjustment of status. Second of all, there's no suspension of deportation. He did not do that. If that's your interpretation, Your Honor, then the — Well, I'd like to know why it shouldn't be my interpretation. Give me a reason. I think — You keep saying that it's not there, but it's there. So what are we supposed to do with the paragraph that's in the middle of the opinion? Again, Your Honor, I think the proper course on that issue would be to remand to the agency for consideration. Part of the adjustment of status deals with the — that there is an element required for entry with inspection. Mr. Ray Florianos did concede that he had entered the United States without inspection in violation of INA Section 241a. That's correct. And he's asking for — and my understanding is that he's asking for adjustment of status, which requires that even though he did that, he has to prove that he was admissible, and he also has to prove he's eligible for a waiver, and both of those seem to depend on this controlled substance issue, and we'd have to decide the controlled substance issue for that reason. Then in that situation, if the controlled substance issue is a point, then he would be precluded for the adjustment. But if we disagree with you, then he would be. If you disagree with the controlled substance, then, again, the problem is we have to go back to the agency because, again, the agency didn't determine the fact that Mr. Ray Florianos also had not inspected. Okay. That I understand. Okay. Thank you, Your Honor. Thank you. You had a minute for rebuttal, or a minute and a half. I would just also agree with the government that this case really is appropriate for remand. We asked for it originally. I think the government is conceding that it's appropriate to remand it because the record simply is not clear. The immigration judge does make a finding that the Petitioner was convicted of a controlled substance offense based on that conviction, which end finding by the immigration judge, which we would contend is erroneous. He denies adjustment of status. And also, when he sums up on page 71 of the administrative record, he says, given his criminal history, he is not worthy of a favorable exercise of discretion. So whatever convictions the immigration judge believed the Petitioner had certainly affected the immigration judge's decision to decline to exercise discretion favorably on behalf of the Petitioner. Why aren't we here concerned more with the adjustment of status rather than the other? We are very concerned with the adjustment of status. It was our first argument in the brief, and in fact, the immigration judge on page 69 of the administrative record finds that because he is convicted of a controlled substance offense, I'm going to find him statutorily inadmissible. And that's erroneous. Therefore, the judge never goes on to any other issues on the adjustment of status. Kagan. Is the adjustment of status also discretionary such that he could deny the relief on purely discretionary grounds? Yes. That is possible, and that could happen. But again, as we – as I believe the immigration judge stated on page 71 of the administrative record, given his criminal history, which, again, he doesn't spell out, but he had done in the previous paragraph, so we're not sure exactly what he's referring to, but he already has made erroneous findings that these are controlled substance offenses, and based on those – that criminal history, I'm going to deny relief and discretion. Certainly, all those determinations bled into the immigration judge's discretion. Are we talking about one principal conviction, or are we talking about several? It looks like there are three convictions, and they were discussed on the record. The immigration judge focuses on the 23-152 offense, and I think it clearly erroneously considers a count which was dismissed, and there's plenty of precedent that that's not acceptable. And that is the, I think, major contention by the government, that that's sufficient in and of itself, and I think clearly the record proves it's not. Are there any other questions? No. Thank you. Thank you.
judges: Hug, Paez, Berzon